United States District Court
Southern District of Texas
**ENTERED**
October 06, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | |
| v.  § | CRIMINAL NO. H-11-0099-01 |
| § | |
| ARTURO ENRIQUE OCHOA § | |

### MEMORANDUM OPINION AND ORDER

The defendant, Arturo Enrique Ochoa (Register No. 83785-279), is currently serving a term of 600 months' confinement in the United States Bureau of Prisons as the result of a sentence imposed on October 20, 2011, following his guilty plea to charges of production and distribution of child pornography. See Judgment in a Criminal Case, Docket Entry No. 39, pp. 1-2. Ochoa's appeal from that sentence was dismissed on the government's motion. See United States v. Ochoa, No. 11-20772 (5th Cir. 2012) (Docket Entry No. 61). Now pending before the court is Ochoa's Motion for Reduction of Sentence Under 18 U.S.C. Section 3582(c)(1)(A) ("Defendant's Motion") (Docket Entry No. 71), which seeks a reduced term of 240 months' confinement. Ochoa has also filed a Memorandum of Law (Docket Entry No. 72), an Affidavit (Docket Entry No. 73), a Motion for Appointment of Counsel (Docket Entry No. 74), and a Motion to Seal [the] Motion for Reduction of Sentence Under 18 U.S.C. Section 3582(c)(1)(A) (Docket Entry No. 75). The government has filed United States' Response in Opposition to Defendant's

Motion for Compassionate Release ("Government's Response") (Docket Entry No. 79), and Ochoa has filed a Reply to Government's Motion in Opposition to Defendant's Motion for Reduction in Sentence Pursuant to 18 U.S.C. Section 3582(c)(1)(A) ("Defendant's Reply") (Docket Entry No. 80). After carefully considering the entire record and the applicable law, the court will deny Defendant's Motion for the reasons explained below.

## I.  Background

In 2011 Ochoa was charged in a three-count indictment with production of child pornography in violation of 18 U.S.C. § 2251(a)&(e) (Count 1); distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(B) and 2252A(b)(1) (Count 2); and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2) (Count 3).[1] Pursuant to a written Plea Agreement, Ochoa entered a guilty plea to Counts One and Two, which were based on evidence recovered by law enforcement showing that he had shared numerous files containing child pornography from his computer through a peer-to-peer file-sharing network.[2]

According to the Presentence Investigation Report ("PSR") prepared by the probation officer, a search of Ochoa's residence

---

[1]Criminal Indictment, Docket Entry No. 10, pp. 2-4. For purposes of identification all page numbers reference the pagination imprinted on each docket entry by the court's electronic case filing ("ECF") system.

[2]Plea Agreement, Docket Entry No. 21, pp. 7-10.

-2-

disclosed more than 306,000 images and 6,000 videos depicting child pornography.[3] Several images and videos depicted the penetration of a child under the age of 5 and bondage of a child.[4] Agents discovered approximately 200 additional images and videos of child pornography that were produced by Ochoa himself, which involved a total of six victims between the ages of 7 and 13.[5] Five of the six victims were identified.[6] The case agent discovered that Ochoa, who characterized himself during an interview as a "boy lover" and stated that he had a preference for children between the ages of 5 and 13 with no pubic hair, gained access to the victims because his mother was a sitter or caretaker, which meant that young children regularly visited his home.[7]

The probation officer reviewed the evidence and determined that adjustments were warranted under the United States Sentencing Guidelines ("U.S.S.G.") because, among other factors, the materials involved a prepubescent minor who had not yet attained the age of 12; the materials portrayed sadistic or masochistic conduct or other depictions of violence due to the use of bondage; the offense involved the use of an interactive computer service for the

---

[3]PSR, Docket Entry No. 25, p. 5 ¶ 12.

[4]Id.

[5]Id.

[6]Id.

[7]Id. at 4-5 ¶¶ 9-10.

possession of the material; and the offense involved approximately 306,000 images and 6,200 videos (75 images per video) of child pornography for a total of 465,000 images.[8] Although Ochoa had zero criminal history points, his total offense level of 43 resulted in a guideline range of life imprisonment.[9] Pursuant to U.S.S.G. § 5G1.1(a), the PSR recommended a sentence at the statutorily authorized maximum term of 360 months (30 years) for Count 1 followed by a consecutive term of 240 months (20 years) for Count 2, which resulted in a total of 600 months (50 years) of imprisonment.[10]

During the sentencing hearing on October 20, 2011, the court adopted the PSR and the advisory guideline range.[11] After hearing from Ochoa the court heard statements from the victims who were identified and from their family members.[12] The court also heard from the lead case agent and the government, which asked for the maximum sentence due to the egregious nature of the offense.[13] The court followed the advisory guideline range in the PSR and sentenced Ochoa to 360 months on Count One and 240 months on Count

---

[8] Id. at 5 ¶ 13.

[9] Id. at 11 ¶ 57.

[10] Id.

[11] Sentencing Transcript, Docket Entry No. 56, p. 4 lines 13-18.

[12] Id. at 5-14.

[13] Id. at 15-21.

Two, to be served consecutively, for a total sentence of 600 months in custody.[14] The court also imposed a term of supervised release for life.[15]

Ochoa is currently serving his sentence of imprisonment at a United States Penitentiary in Tucson, Arizona ("USP-Tucson").[16] He is not projected to be released until 2053.[17]

Ochoa now seeks a reduction in sentence from 600 months to 240 months for compassionate reasons under 18 U.S.C. § 3582(c)(1)(A).[18] As grounds for relief Ochoa alleges that his mother is 72 years of age and in poor health, suffering from "hypertension, obesity, reduced mobility, and memory issues."[19] He also points to the length of his sentence, his young age at the time he committed the underlying offenses in 2009-10, when he was just 21 years of age, and a list of rehabilitative programs that he has completed while in prison.[20] The government opposes Ochoa's request for a reduction in sentence, arguing that there are no extraordinary or compelling reasons that warrant a reduced sentence and that the factors

---

[14] Id. at 24 lines 21-25.

[15] Id. at 25 lines 1-3.

[16] See United States Bureau of Prisons website, available at: https://www.bop.gov/inmateloc/ (last visited Sept. 29, 2022).

[17] See id.

[18] Defendant's Motion, Docket Entry No. 71, p. 1.

[19] Memorandum of Law, Docket Entry No. 72, p. 4.

[20] Id. at 3-6; Affidavit, Docket Entry No. 73, pp. 1-7.

outlined in 18 U.S.C. § 3553(a) do not support his request.[21] These arguments are discussed below under the statutory framework that governs a defendant's motion to reduce or modify a federal sentence of imprisonment.

## II. Analysis

Subject to limited exceptions a district court generally may not reduce or modify a defendant's sentence of imprisonment after it has been imposed. See 18 U.S.C. § 3582(c); Dillon v. United States, 130 S. Ct. 2683, 2690 (2010) (explaining that a judgment of conviction that includes a sentence of imprisonment is a "final judgment" that "may not be modified by a district court except in limited circumstances"). The defendant in this case invokes an exception that allows a district court to modify a term of imprisonment for compassionate reasons under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239-41 (Dec. 21, 2018), upon motion of the Director of the Bureau of Prisons "or upon motion of the defendant" if the court finds that "extraordinary and compelling reasons warrant a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i).[22]

---

[21]Government's Response, Docket Entry No. 79, pp. 3-9.

[22]It appears that the exhaustion requirement for a motion governed by 18 U.S.C. § 3582(c)(1)(A)(i) has been satisfied in this case. See Government's Response, Docket Entry No. 79, p. 3.

A motion for a sentence reduction under § 3582(c)(1)(A) filed on behalf of a defendant by the Bureau of Prisons must comply with a policy statement articulated by the United States Sentencing Commission. See U.S.S.G. § 1B1.13 (U.S. Sentencing Comm'n 2021) (articulating the policy statement on reductions in a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)). The policy statement found in U.S.S.G. § 1B1.13, which has not been updated since the First Step Act went into effect in 2018, authorizes early release only if the court finds that (A) "extraordinary and compelling reasons" exist or (B) that the defendant is at least 70 years old and has served at least 30 years in prison, and the court further finds that the defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(1)-(2).

"There is little developed guidance on what constitutes extraordinary and compelling reasons for a sentence reduction because neither § 3582 nor the [Sentencing] Guidelines fully define or limit those reasons." United States v. Rodriguez, 27 F.4th 1097, 1099 (5th Cir. 2022) (citation omitted). Although the Fifth Circuit has held that the policy statement in U.S.S.G. § 1B1.13 is not binding and does not control the outcome of a motion for compassionate release filed by a defendant on his own behalf, United States v. Shkambi, 993 F.3d 388, 392-93 (5th Cir. 2021), the policy statement may be referred to when deciding such a motion solely for the purpose of informing the court's analysis "as to

what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." United States v. Thompson, 984 F.3d 431, 433 (5th Cir.), cert. denied, 141 S. Ct. 2688 (2021); United States v. Jackson, 27 F.4th 1088, 1090 (5th Cir. 2022) (citing Thompson, 984 F.3d at 433).

After making its own independent determination of whether extraordinary circumstances exist, see Rodriguez, 27 F.4th at 1100 (citations omitted), a district court must address a defendant's own motion under § 3582(c)(1)(A) by considering whether a sentence reduction is consistent with the sentencing factors set out in 18 U.S.C. § 3553(a). See Shkambi, 993 F.3d at 393 (explaining that a court considering "a prisoner's own motion" is bound "only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)"). Because decisions about whether to grant or deny a motion for compassionate release are discretionary, "a thorough factual record" is required, and a district court "must provide specific factual reasons, including but not limited to due consideration of the § 3553(a) factors[], for its decision." United States v. Chambliss, 948 F.3d 691, 693 (5th Cir. 2020) (footnote omitted). A defendant's motion for compassionate release may be denied if he fails to persuade the court that his early release would be consistent with the factors set out in § 3553(a). See Jackson, 27 F.4th at 1089.

The statute governing motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) does not define the circumstances that

qualify as extraordinary and compelling, but commentary to the policy statement currently found in U.S.S.G. § 1B1.13(1) limits those circumstances to the following:

   **(A)  Medical Condition of the Defendant.—**

   (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   B.  **Age of the Defendant.** - The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

   C.  **Family Circumstances.**

   i. The death or incapacitation of the caregiver of the defendant's minor child or minor children.

>> ii. The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> **D. Other Reasons.** - As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, cmt. n.1. Ochoa, who is currently 34 years of age with no apparent health issues, does not show that his circumstances are comparable to any of these non-binding criteria.

Although Ochoa alleges that his mother is elderly and in poor health, he does not provide specific facts about her condition or the care that she currently requires.[23] Numerous courts have held that a prisoner's desire to care for an elderly or ill parent is not an extraordinary and compelling reason warranting compassionate release. See United States v. Kelly, Case No. 4:06-CR-297, 2022 WL 1748250, at *6 (E.D. Tex. May 27, 2022) (collecting cases); see also United States v. Goldberg, Criminal Action No. 12-180 (BAH), 2020 WL 1853298, at *4 (D.D.C. April 13, 2020) ("While certainly admirable, a desire to help care for one's elderly parents does not qualify as an 'extraordinary and compelling reason' for release under U.S.S.G. § 1B1.13, nor, therefore, under 18 U.S.C. § 3582(c)(1)(A)(i). After all, '[m]any, if not all inmates, have aging and sick parents.'") (citation omitted).

---

[23]Memorandum of Law, Docket Entry No. 72, p. 4.

Likewise, Ochoa's young age at the time he committed the charged offenses is an unpersuasive attempt to minimize his culpability.[24] Ochoa, who was 22 years of age at the time of his arrest, admitted to the case agent that he had been viewing child pornography "for years" before being caught with pornographic videos that he produced featuring at least six victims, several of whom were children in his mother's care.[25] Although Ochoa describes himself as immature at the time,[26] details of the offense reveal that he groomed the victims by means of manipulation, offering them money and video games for their compliance.[27]

Ochoa also emphasizes that he has completed a number of rehabilitative programs while incarcerated, including a sex offender treatment program.[28] While evidence of post-sentencing rehabilitation may be "highly relevant" to several of the factors found in 18 U.S.C. § 3553(a), Pepper v. United States, 131 S. Ct. 1229, 1242-43 (2011), a court is not authorized to grant a reduction based upon post-sentencing rehabilitation alone. See 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" to modify a sentence under 18 U.S.C. § 3582(c)(1)(A)).

---

[24]Memorandum of Law, Docket Entry No. 72, p. 3.

[25]PSR, Docket Entry No. 25, pp. 4-5 ¶¶ 9-10.

[26]Memorandum of Law, Docket Entry No. 72, p. 3.

[27]Plea Agreement, Docket Entry No. 21, pp. 9-10.

[28]Memorandum of Law, Docket Entry No. 72, pp. 4-6; Affidavit, Docket Entry No. 73, pp. 1-6.

Although Ochoa's efforts to complete rehabilitative programs are commendable, he does not demonstrate that a reduction in his term of imprisonment is supported by the sentencing factors found in 18 U.S.C. § 3553(a), which requires a court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). In doing so the court must consider

> (2) the need for the sentence imposed—
>
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>   (B) to afford adequate deterrence to criminal conduct;
>
>   (C) to protect the public from further crimes of the defendant; and
>
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

Id. at § 3553(a)(2). The court is also required to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" Id. at § 3553(a)(6).

Here, the "seriousness of the offense" militates against a reduction in sentence. See 18 U.S.C. § 3553(a)(2)(A). As noted above, Ochoa was convicted for possessing a considerable amount of child pornography (465,000 images), which included as many as 200 images and videos that he produced on his own.[29] Given the

---

[29]PSR, Docket Entry No. 25, p. 5 ¶¶ 12-13.

-12-

reprehensible nature of Ochoa's conduct, in which he preyed upon and exploited children who were in his mother's care, Ochoa has not established that the sentence imposed no longer serves the need to afford adequate deterrence for his criminal conduct or to protect the public from further crimes by him, whether in the United States or Mexico, which is where Ochoa reportedly plans to return upon his release.[30] See 18 U.S.C. § 3553(a)(2)(B)-(C). Ochoa has completed only 11 years of a 50-year term of imprisonment and a reduction in sentence to 240 months or 20 years, which is less than half of the amount of time imposed, would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for an offense that inflicted irreparable harm on vulnerable victims, whose images may never be able to be removed from the internet, and their distraught family members. See 18 U.S.C. § 3553(a)(2)(A).

Given the quantity of images that Ochoa possessed and the number of children that he victimized while producing child pornography, which he actively traded on peer-to-peer networks, Ochoa further fails to show that his 600-month sentence is disproportionately long in comparison with other sentences imposed in child pornography cases in the Southern District of Texas. See United States v. Niver, Crim. No. 4:15-155 (S.D. Tex. Feb. 17, 2017) (Docket Entry No. 76, p. 3) (960 months); United States v.

---

[30]Affidavit, Docket Entry No. 73, p. 7 ¶¶ 21-22.

Valdez, Crim. No. 4:16-185 (S.D. Tex. Aug. 21, 2019) (Docket Entry No. 129, p. 3) (720 months); United States v. Fulcher, Crim. No. 4:19-037 (S.D. Tex. Dec. 9, 2020) (Docket Entry No. 59, p. 2) (720 months); and United States v. Gace, Crim. No. 3:19-004 (S.D. Tex. Feb. 3, 2021) (Docket Entry No. 93, p. 3) (1020 months).

After considering 18 U.S.C. § 3582(c)(1)(A) and all of the relevant sentencing factors, the court concludes that none of those factors weigh in favor of a reduction in the 600-month sentence that Ochoa received. Therefore, his motion for a reduction in sentence will be denied.

### III. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Motion for Reduction of Sentence Under 18 U.S.C. Section 3582(c)(1)(A) filed by Arturo Enrique Ochoa (Docket Entry No. 71) is **DENIED**.

2. Ochoa's Motion for Appointment of Counsel (Docket Entry No. 74) and Motion to Seal [the] Motion for Reduction of Sentence Under 18 U.S.C. Section 3582(c)(1)(A) (Docket Entry No. 75) are **DENIED**.

The Clerk will provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 6th day of October, 2022.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE